Case 4:18-cv-02245   Document 18   Filed on 12/18/19 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
December 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KRISTIN KING f/k/a LUZ GUZMAN, § § Plaintiff, § VS. § § § KS MANAGEMENT SERVICES, LLC, § § Defendant. § § § | CIVIL ACTION NO. 4:18-CV-02245 |

## ORDER

Pending before the Court is the defendant's, KS Management Services, LLC (the "defendant"), motion for summary judgment (Dkt. No. 13). The plaintiff, Kristin King f/k/a Luz Guzman (the "plaintiff"), has filed a response in opposition to the defendant's motion for summary judgment (Dkt. No. 14), and the defendant has filed a reply. (Dkt. No. 15). After having carefully considered the motion, response, reply, the record and the applicable law, the Court determines that the defendant's motion for summary judgment should be **DENIED**.

The plaintiff commenced the instant action against the defendant, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), alleging that the defendant mistreated her because of her alleged disability and terminated her while she was on protected leave in violation of the FMLA. The defendant, in opposition, denies that the plaintiff is a qualified individual with a disability or that its proffered reason for terminating the plaintiff's employment was a pretext for disability discrimination. Instead, the defendant maintains that it had a

legitimate, nondiscriminatory reason for terminating the plaintiff's employment and, thus, moves for a summary judgment.

Based on the evidence contained in the record, the Court is of the opinion that the plaintiff and the defendant have tendered conflicting summary judgment evidence. Without commenting on the strength or credibility of the evidence presented, the Court determines that the parties have, at the very least, raised genuine issues of material fact concerning, *inter alia*, whether the plaintiff was subjected to an adverse employment action on account of any disability, whether the defendant's proffered non-discriminatory reason for terminating the plaintiff was pretextual, and/or whether the defendant engaged in a good faith interactive process to devise a reasonable accommodation for the plaintiff on account of her purported disability.

Given the demanding strictures applicable in the summary judgment context requiring this Court to resolve all factual disputes in favor of the non-moving party, this case presents a swearing-match which must be resolved by a jury, not by a judge on summary judgment. *See E.E.O.C. v. R.J. Gallagher Co.*, 181 F.3d 645, 652 (5th Cir. 1999) ("This is a swearing match-a factual dispute which must be resolved by the ultimate fact finder, not by the judge on summary judgment."). Accordingly, a summary judgment is inappropriate under the circumstances and the defendant's motion is hereby **DENIED**.

It is so **ORDERED**.

SIGNED on this 18th day of December, 2019.

_____
Kenneth M. Hoyt
United States District Judge